UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-03836-AG(SHSx) | Date | September 12, 2016 |
|---|---|---|---|
| Title | SHIPPING AND TRANSIT, LLC v. NEPTUNE CIGARS, INC. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

**Proceedings:**   **[IN CHAMBERS] ORDER RE DEFENDANT'S MOTION TO DISMISS**

Plaintiff Shipping and Transit, LLC ("Plaintiff") brought this action against Defendant Neptune Cigars, Inc. ("Defendant"), alleging infringement of U.S. Patent Nos. 6,415,207 ("the '207 Patent") and 6,763,299 ("the '299 Patent") (collective, the "patents-in-suit"). Defendant moved to dismiss the complaint on the ground that the patents-in-suit are directed to ineligible subject matter under 35 U.S.C. § 101 (Dkt. 14). Rather than addressing the merits of the motion, Plaintiff issued a covenant not to sue. (Dkt. 18, Ex. 2.) In its opposition to the motion to dismiss, Plaintiff argued that the covenant removed any actual controversy between the parties. (Dkt. 18.) Accordingly, Plaintiff seeks a dismissal based on a lack of subject matter jurisdiction.

Article III of the Constitution grants federal courts the authority to adjudicate "Cases" and "Controversies." *Already, LLC v. Nike, Inc.*, --- U.S. ----, ----, 133 S.Ct. 721, 726, 184 L.Ed.2d 553 (2013). "[A]n 'actual controversy' must exist not only at the time the complaint is filed, but through all stages of the litigation." *Id.* "A case becomes moot–and therefore no longer a 'Case' or 'Controversy' for purposes of Article III–when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (internal quotation marks omitted). To challenge the validity of a patent claim, an actual case or controversy must exist between the challenger and the patentee. *See Aqua Marine Supply v. AIM Machining, Inc.*, 247 F.3d 1216, 1219 (Fed. Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-03836-AG(SHSx) | Date | September 12, 2016 |
|---|---|---|---|
| Title | SHIPPING AND TRANSIT, LLC v. NEPTUNE CIGARS, INC. | | |

Here, Plaintiff has extended to Defendant a covenant not to sue that promises on behalf of itself and all future assignees of the patents not to assert any claims of infringement against Defendant, its affiliates, or assigns. (Dkt. 19, Ex. 1.) The broad language of the covenant covers future, as well as past, activity and products. Plaintiff has disclaimed any patent infringement suit it could possibly bring against Defendant at this time, and Defendant has not asserted any intent to pursue activity that would expose it to any prospect of infringement liability. Thus, the covenant eliminates any case or controversy based on the patents-in-suit between the parties. Defendant does not dispute that the covenant divests the Court of jurisdiction to rule on this Motion. (Dkt. 21 at 3.)

Accordingly, Defendant's Motion to Dismiss is **MOOT**. As requested by Plaintiff, its claims against Defendant are **DISMISSED WITH PREJUDICE**.

The Court will prepare a simple judgment.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |